IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| GRIFFIN LITTLEJOHN | § | |
| v. | § | CIVIL ACTION NO. 5:22cv91-RWS-JBB |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Griffin Littlejohn, an inmate of the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division proceeding *pro se*, filed this application for writ of habeas corpus apparently challenging the validity of his confinement. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

I. **Petitioner's Claims**

Petitioner says that he was convicted of aggravated kidnapping in Tarrant County, in a plea agreement which he terms a "sentence performance contract." Dkt. No. 1 at 3. Petitioner claims that he was offered a maximum term of 16 years and his attorney "advised petitioner on what the lawful terms were and their protections under contract law and constitutional law, so petitioner considered the benefits of the offer by the state and did sign the performance contract along with his attorney, the District Attorney, and the 442nd Judicial District presiding judge." *Id.* According to Petitioner, the terms of this contract included an agreement that, he will not be illegally restrained in his use of the rules, policies, procedures, and regulations available in TDCJ and lawfully enacted by the Texas Board of Criminal Justice, which were in place on the date of his signing the sentence performance contract. *Id.*

Petitioner lists a number of policies and states that some of these have mandatory language that protects Petitioner and others if TDCJ employees are fulfilling them lawfully, including the use of force policies. *Id.* at 4. However, in March 2020, Petitioner contends that the TDCJ administration implemented COVID-19 protocols without notice, hearings, or a right of appeal. *Id.* at 6. He asserts that these protocols operated to suspend the TDCJ rules to which he agreed in his sentence performance contract. *Id.*

As a result, Petitioner says that he has been subjected to "dry gassing" some six times, in which an officer gratuitously uses chemical agents on an inmate. *Id.* at 5. He states that since the COVID-19 protocols went into place, there has not been a grievance investigator on 12 Building after Rachel Smalley retired following the stabbing death of an inmate. *Id.* As a result, he has been unable to use the grievance procedure, another of the rules to which he agreed. Petitioner also complains of improper deprivations of property and of a staffing shortage. *Id.*

Because he says that the suspension of the rules occurred without due course of law, Petitioner argues that this requires his conviction and sentence to be remanded back to the trial court for reconsideration of the consequences resulting from operating a prison facility without prison rules. *Id.* He claims that he is entitled to the benefits and terms of his sentence performance contract. *Id.* Next, Petitioner attaches a copy of a TDCJ time slip, which he says represents the "mode of payment" towards his 16-year "bill." Dkt. No. 1-1 at 9. He states that around March 15 to 31, 2020, the Respondent changed his "mode of payment" illegally, causing an unconstitutional restraint on his "account." Dkt. No. 1 at 7. The time slip attached by Petitioner shows that he is serving a 16-year sentence with six years, six months, and seven days credited as of January 15, 2021. Dkt. No. 1-1 at 9. The time slip reflects a charge for possession of a weapon and reflects that Petitioner has lost 583 days of good time and 517 days of work time; there is no good time or work time credited. *Id.*

In his conclusion, Petitioner asserts that he is unconstitutionally restrained by the Respondent's acts and omissions which violate the terms of his sentence performance contract. Dkt. No. 1 at 8. These acts and omissions occurred with the implementation of the Covid-19 protocols

which effectively suspended TDCJ rules. *Id*. Petitioner maintains that when Governor Gregg Abbott declared that Texas would not make any releases of prisoners based on Covid-19 related issues, he "lawfully affirmed the due course of Texas prisoners' sentence performance contracts under protections guaranteed under both state and federal constitutions, [but] Respondent's actions illegally overrode the Governor's guarantees." *Id*. He again asks for a remand to the sentencing court for breach of the contract, and demands "specific performance" of this contract. *Id*.

**II.    Discussion**

In *Rosilez v. Lumpkin*, civil action no. 4:22cv2764, 2022 WL 18106932 (S.D. Tex., December 14, 2022), r*eport adopted at* 2023 WL 22939 (S.D. Tex., January 3, 2023), the petitioner Dylan Rosilez filed an application for the writ of habeas corpus arguing that the Covid-19 protocols implemented by TDCJ amounted to a breach of contract which improperly extended the length of his sentence, rendering his judgment of conviction void. A review of his petition showed that Rosilez complained the "mode of payment" of his sentence had been altered, there was inadequate staffing, there were no grievance personnel on the Michael Unit although security personnel occasionally retrieved grievances from the drop box, and his sentence was thereby rendered null and void. *Id.* at 1. The Southern District of Texas determined that Rosilez failed to exhaust his state remedies because he had not presented his challenge to his conviction to the state courts through habeas corpus. *Id.* at 2.

Petitioner here states that he acknowledges the "special circumstance" requirement installed by the courts to satisfy the "comity element of exhaustion," but says that there is no ongoing state court proceeding to interrupt so there is no abstention issue. Dkt. No. 1 at 2. He says that the circumstances making this case special are "the laundry list of blatant violations of state and federal rights under both of the respective constitutions, breaches of contract by unconstitutional failures to perform by acts or omissions by Respondent that are ongoing and a matter of record." *Id*. at 7. He asserts that because Texas does not recognize conditions of confinement as a cognizable issue, the only exhaustion he can attempt is through the grievance procedure, but this procedure is effectively unavailable at the Telford Unit because the grievances are not retrieved for months at a time, and the security officers retrieve the grievances only to dispose of harmful or incriminating allegations against staff. *Id.*

28 U.S.C. §2254(b)(1)(A) requires that federal habeas petitioners fully exhaust available state court remedies before proceeding in federal court. *Morris v. Dretke*, 413 F.3d 484, 490 (5th Cir. 2005). This requirement is not jurisdictional but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct violations of their prisoners' federal rights. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003); *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006).

In order to exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

In order to exhaust available state remedies, a petitioner must "fairly apprise" the highest state court of the federal rights that were allegedly violated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Exceptions to the exhaustion requirement exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

The Fifth Circuit has held that a federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Where the petitioner fails to exhaust state remedies, the federal district court may dismiss the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir.1999) (*per curiam*). This is

because as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Petitioner indicates that he has not presented his claims to the Texas Court of Criminal Appeals. Dkt. No. 1 at 8. Thus, Petitioner has not exhausted his state remedies and his petition may be dismissed on that basis.

Although Petitioner contends that his only remedy lies through the grievance procedure, this is incorrect because he asks that the trial court be required to reconsider his sentence, a remedy plainly not available through the prison grievance process. Petitioner's requested relief involves the state trial court, and consequently, such a request should be presented first to the state trial court, which Petitioner may do through an application for habeas corpus relief or such other means as may be appropriate under state law. Like Rosilez, Petitioner has not exhausted his state remedies. Thus, his petition may be dismissed without prejudice to permit him to do so.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this the 26th day of January, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE